**IN THE COURT OF APPEALS OF IOWA**

No. 14-0677
Filed June 25, 2014

**IN THE INTEREST OF I.J.,**
**Minor Child,**

**I.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

The mother appeals the termination of her parental rights to her child, I.J. **AFFIRMED.**

Jane M. White of Jane White Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Christina M. Gonzalez, Assistant County Attorney, for appellee State.

Michael Sorci of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

The mother appeals the termination of her parental rights to her child, I.J. She asserts the factor that militates against termination found in Iowa Code section 232.116(3)(a) (2013)—relative placement—should apply to preclude the termination of her parental rights. The mother further claims the court should have granted her an additional six months to access services. We conclude it is in the child's best interest for the mother's parental rights to be terminated, and the juvenile court correctly determined the considerations in subsection three should not prevent termination. We further agree with the court that granting the mother an additional six months would not serve to remedy her mental health, substance abuse, and criminal history issues, particularly given her inability to remedy these problems in the previous termination cases involving her two other children. Consequently, we affirm.

I.J. was born August 2013, while the mother was incarcerated. A removal hearing was held September 10, 2013. I.J. was removed from the mother's care due to her inability to care safely and adequately for the child given her incarceration, unresolved substance abuse issues, mental health issues, and the termination of her parental rights to her other two children. I.J. was placed in foster care. A dispositional order was entered on November 4, 2013, noting the primary permanency goal was to reunite I.J. with the mother. On February 21, 2014, a permanency hearing was held, and I.J. was placed with the father.[1]

---

[1] The father has cooperated with all department of human services (DHS) services, and it was found he was a minimally adequate custodian. I.J. remains under the supervision of DHS.

The mother was released from jail in September 2013. The following services were offered to her in an attempt to reunite her with the child: supervised visitation; substance abuse evaluations; drug screens; family safety, risk, and permanency services; family interactions; individual therapy; domestic violence awareness classes; parenting classes; shelters; transportation assistance; and services through the Polk County jail. She received four two-hour supervised visits with I.J. each week. She attended the visits more or less consistently from October to November 2013, but ceased attending after she contracted tuberculosis and was contagious. She has not visited I.J. since the end of November, and in the visits she did attend, the DHS worker noted she did not display adequate parenting skills or exhibit a bond with I.J.

The mother has a significant criminal history, including convictions for criminal mischief, disorderly conduct, probation violations, assault, domestic abuse with injury, violation of a no contact order, public intoxication, interference with official acts, and possession of drug paraphernalia. These convictions occurred within the last year. Her most recent conviction arose from her assault of the father during the termination hearing. She is currently unemployed and does not have housing.

The mother also has severe mental health issues. While she maintains she is consistently taking her medications, she does not dispute that these issues are not resolved. She also has a problematic history with substance abuse, which she has never adequately addressed. As of the date of the termination hearing, she had not attended any substance abuse treatment. Due to these problems and founded child abuse reports, the mother's parental rights to her

two other children were terminated. Based on this history, the mother has been involved with DHS since 2008.

The State filed a petition to terminate her parental rights as to I.J. on December 18, 2013. A termination hearing was held on April 4, 2014, and on April 8, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d) and (g). The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.*

The mother first argues that, because I.J. is placed with his father, the juvenile court should have declined to terminate her parental rights under Iowa Code section 232.116(3)(a). This paragraph states: "The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child." *Id.*; s*ee also In re P.L.*, 778 N.W.2d 33, 38–39 (Iowa 2010) (holding "the court must consider if any of the exceptions contained in section 232.116(3) allow the court not to terminate").

We agree with the juvenile court's decision that this paragraph should not prevent the termination of the mother's parental rights. As the court noted, "the Mother's relationship with the Father is more likely than not going to continue to be volatile if they legally had to co-parent or [arrange] visits or other matters had to be negotiated between them." This opinion aligns with that of the DHS worker, who stated:

> This worker believes that termination is imperative despite the fact that [the child] is placed with his father. There are no compelling reasons to maintain this relationship. [The mother] continues to be

unsafe, there is no bond with this child and if rights remain intact, this worker is concerned the father will struggle to keep this child safe.

Upon our de novo review of the record, we agree with these conclusions. Consequently, the juvenile court properly declined to find the exception found in paragraph (3)(a) should prevent termination of the mother's parental rights.

We further conclude it is not in the child's best interest to grant the mother an additional six months so she may take advantage of services. As the DHS report noted, the mother has yet to attend any treatment for her mental health or substance abuse issues. She also shows no interest in remedying her criminal conduct. In fact, this behavior has been ongoing since 2008. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). It is clear the mother either cannot or will not address the issues that are preventing her from being an adequate parent. Consequently, we agree with the juvenile court that granting her an additional six months is not appropriate, and we affirm the order terminating her parental rights.

**AFFIRMED.**